COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LERINZEO BROWN | § | No. 08-13-00303-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | Criminal District Court No. Two |
| | § | |
| | § | of Dallas County, Texas |
| THE STATE OF TEXAS | § | |
| | § | (TC# F-1171981-I) |
| | § | |
| Appellee. | § | |
| | § | |

## MEMORANDUM OPINION

Lerinzeo Brown appeals his conviction of family violence assault. Following a contested hearing on the State's motion to proceed with adjudication of guilt, the trial court found that Appellant had violated the terms and conditions of deferred adjudication community supervision and granted the State's motion. The court entered an adjudication of guilt and assessed Appellant's punishment at imprisonment for five years. We reform the judgment to reflect that Appellant entered a plea of "not true" and affirm the judgment as so modified.

## FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex.Crim.App. 2008)("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."*)*; *High v. State,* 573 S.W.2d 807 (Tex.Crim.App. 1978). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a *pro se* brief. Appellant has not filed a *pro se* brief.

We have carefully reviewed the record and counsel's brief, and agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. The judgment erroneously reflects that Appellant entered a plea of true to the State's motion to proceed with adjudication of guilt, but the record of the hearing shows that Appellant actually entered a plea of "not true." Accordingly, we reform the judgment to reflect that Appellant entered a plea of "not true" and affirm the judgment as so modified.

ANN CRAWFORD McCLURE, Chief Justice

February 4, 2015

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge), sitting by assignment, not participating

(Do Not Publish)